568    APPELLATE COURTS OF ILLINOIS.

Interstate Finance Corp. v. Com. Jewelry Co., 201 Ill. App. 568.

## Interstate Finance Corporation, Appellee, v. Commercial Jewelry Company, Appellant.

### Gen. No. 22,374.   (Not to be reported in full.)

Appeal from the Municipal Court of Chicago; the Hon. JOSEPH E. RYAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed October 30, 1916. Rehearing denied November 13, 1916.

### Statement of the Case.

Action by Interstate Finance Corporation, a corporation, plaintiff, against Commercial Jewelry Company, a corporation, defendant, in the Municipal Court of Chicago, to recover on a contract wherein defendant guarantied the payment of certain accounts assigned to plaintiff. From a judgment for plaintiff for $2,143.82, defendant appeals.

ALBERT O. OLSON, for appellant; JAMES J. LEAHY, of counsel.

ELBERT C. FERGUSON, for appellee.

MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. WITNESSES, § 195*—*when witness may testify from tabulations made up from vouchers.* Where a witness is testifying in regard to an account composed of about six hundred items, each of which was originally represented by a voucher, from which the item was entered in books of account, it is not error to permit the witness to use in his testimony a computation and tabulation made up from such vouchers and not from the books, and for use at the trial, where the amount due plaintiff is merely a matter of computation and where all the vouchers and books are in evidence.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Interstate Finance Corp. v. Com. Jewelry Co., 201 Ill. App. 568.

2. ESTOPPEL, § 55*—*when assignee of contract estopped to deny liability thereunder.* In an action on a contract the following facts appeared: The contract was originally between plaintiff and a Philadelphia partnership. Later the partnership removed to Chicago, where an Illinois corporation was formed, which was the defendant in the action, whose corporate name was the same as that used by the partnership, and which took over all property, book accounts and bills receivable of the partnership and continued to do business with plaintiff under the contract and to receive its advantages, without notifying plaintiff of any change in the concern or its methods of doing business. *Held,* that under such circumstances defendant was bound by the contract and could not repudiate it.

3. MUNICIPAL COURT OF CHICAGO, § 13*—*when permission to amend statement of claim not abuse of discretion.* The allowance of an amendment of a statement of claim, *held* not an abuse of judicial discretion where no harm appeared to have resulted therefrom.

4. CONTINUANCE, § 45*—*when motion for properly overruled.* It is not error to overrule a motion for continuance where the affidavit filed in support of the motion discloses no facts which could properly induce the court to grant the continuance.

5. GUARANTY—*when evidence shows accounts uncollectible.* In an action to recover on a contract whereby defendant assigned certain contracts to plaintiff, guarantying that if payments on such accounts became "in default" defendant would pay any unpaid balance due thereon, the contract defining the meaning of the expression "in default" as meaning, *inter alia,* if the accounts were uncollectible, evidence *held* sufficient to show that the accounts in question were uncollectible within the meaning of the contract.

6. MUNICIPAL COURT OF CHICAGO, § 29*—*when objections to instructions not considered on appeal.* General objections to instructions in an action in the Municipal Court of Chicago will not be considered on appeal where it appears that a rule of that court requires such objections to be specific.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.